NORTH & DALZELL, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3837. Promulgated November 10, 1927.

*Irving Zion, Esq.*, for the petitioner.
*T. M. Wilkins, Esq.*, for the respondent.

LOVE: We will first dispose of the respondent's contention that he erred in allowing the petitioner the benefit of section 303 of the Revenue Act of 1918, and that the petitioner's tax for the year in question should be computed under section 301 of the 1918 Act.

The petitioner admits that the respondent was correct in his determination that it was entitled to the benefits of section 303 of the 1918 Act and, therefore, the burden of proof is on the respondent to show that he erred in computing the petitioner's tax under that section. If the respondent is to prevail in this respect, it is necessary that he establish either by evidence offered by him or by the petitioner's evidence as a fact that the petitioner was not in fact carrying on a trade or business part of the income of which was derived from personal service and part from the employment of capital. There is not sufficient evidence in the record to prove that the petitioner did not conduct such a business as is provided for by section 303 of the Revenue Act of 1918. The respondent, having in his determination of the deficiency herein, found that the petitioner came within the provisions of section 303 of the Revenue Act of 1918, and there not being sufficient evidence to prove that the petitioner did not in fact come within the provisions of that section, we can not disturb his determination in that respect.

The petitioner contends that its war-profits credit should be increased. As a basis for this contention it alleges that it clearly falls within the provisions of sections 310, 311, and 330 of the Revenue Act of 1918. Briefly, the contention made by the petitioner is that this is a case of the reorganization, consolidation, or change of ownership after January 1, 1911, of a trade or business now carried on by a corporation.

The pertinent sections of the 1918 Act are as follows:

SEC. 310. That as used in this title the term "prewar period" means the calendar years 1911, 1912, and 1913, or, if a corporation was not in existence during the whole of such period, then as many of such years during the whole of which the corporation was in existence.

SEC. 311. (a) That the war-profits credit shall consist of the sum of:

(1) A specific exemption of $3,000; and

(2) An amount equal to the average net income of the corporation for the prewar period, plus or minus, as the case may be, 10 per centum of the difference between the average invested capital for the prewar period and the invested capital for the taxable year. * * *

SEC. 330. That in the case of the reorganization, consolidation, or change of ownership after January 1, 1911, of a trade or business now carried on by a corporation, the corporation shall for the purposes of this title be deemed to have been in existence prior to that date, and the net income and invested capital of such predecessor trade or business for all or any part of the prewar period prior to the organization of the corporation now carrying on such trade

or business shall be deemed to have been the net income and invested capital of such corporation.

If such predecessor trade or business was carried on by a partnership or individual the net income for the prewar period shall, under regulations prescribed by the Commissioner with the approval of the Secretary, be ascertained and returned as nearly as may be upon the same basis and in the same manner as provided for corporations in Title II, including a reasonable deduction for salary or compensation to each partner or the individual for personal services actually rendered. * * *

In determining whether the petitioner carried on the same business as that conducted by the predecessor partnership, the record before us must be controlling. The partnership, predecessor to the petitioner, appears to have conducted a business of a dual nature. Income was derived from one part of the business by reason of personal service; from the other part by reason of the employment of capital. The nature of that part of the partnership business, the income of which was derived from the employment of capital, is not disclosed. Likewise, the petitioner, which claims to have carried on the same trade or business as that conducted by the predecessor partnership, conducted a business, in a part of which the employment of capital was necessary, and in a part of which the income was derived from personal service.

We do not know nor can we assume that that part of the business of the petitioner in which the employment of capital was necessary is, in fact, a continuation of the same part of the business of the partnership in which capital was employed. The record in this respect is entirely silent. We must hold, therefore, that the petitioner has failed to establish its claim that it comes within the provision of section 310 of the 1918 Act.

Inasmuch as the petitioner does not come within section 330 of the Revenue Act of 1918, we must also approve the war-profits credit for the year 1918 as determined by the respondent.

*Judgment will be entered for the respondent.*

Considered by Trussell, Smith, and Littleton.